IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BELVIDERE PIZZA, INC. and HAMPSHIRE PIZZA, INC. a/k/a Rosati's Pizza-Hampshire Group, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MCCAIN FOODS USA, INC.,<br><br>Defendant. | Case No. 1:24-CV-00667 (MMR)<br><br>Jury Trial Demanded |

## **OPPOSITION TO MOTION TO DISMISS CLAIMS BY BELVIDERE PIZZA**

Plaintiffs Belvidere Pizza, Inc. ("Belvidere") and Hampshire Pizza, Inc. a/k/a Rosati's Pizza-Hampshire Group ("Rosati's") (collectively, the "Plaintiffs"), respectfully submit this Opposition to the Defendant's Motion to Dismiss Claims by Belvidere Pizza. Dkt. 19. Defendant's Motion to Dismiss should be denied because (i) Plaintiffs' allegations sufficiently plead a plausible claim that Belvidere was an intended third-party beneficiary, (ii) due to the fact-intensive nature of the third-party beneficiary inquiry, Defendant's motion is premature, and (iii) Defendant fails to show why Plaintiff may not plead the alternative theory of unjust enrichment.

### INTRODUCTION

This matter arises from Defendant's breach of the parties' Food Service Contract (the "Contract"). Defendant entered the Contract with Rosati's, on behalf of its franchisees, and its

intended third-party beneficiaries, including but not limited to, Belvidere. The basic purpose of the Contract was for Defendant to distribute and supply certain food products to the Rosati's eighty-four (84) restaurant locations. Dkt. 14-1, Am. Compl., Ex. A. The Contract required Defendant to provide ninety (90) days' written notice prior to any price adjustments and allow Plaintiffs forty-five (45) days to object to those adjustments. *Id.* Defendant breached the express terms of the parties' agreement on April 26, 2022, when it provided Plaintiffs only six (6) days'—four (4) business days'—notice of pricing increases it intended to implement on May 1, 2022. Dkt. 14-2, Am. Compl. ¶ 1, Ex. B. Defendant's breach caused Plaintiffs to pay the improperly increased prices and incur damages, in part, in the amount of the improperly inflated costs. Dkt. 14, ¶ 3.

While Belvidere is not a signatory to the Contract, "Belvidere is an intended third-party beneficiary" of the Contract. *Id.* ¶ 8. Defendant attempts to evade responsibility, however, by contending Plaintiffs failed to plausibly allege that Belvidere is an intended third-party beneficiary of the Contract. Defendant's argument fails. Plaintiffs' allegations are more than sufficient.

Moreover, it is well-settled in Illinois that determining whether someone is a third-party beneficiary is a fact-intensive inquiry. It is premature and inappropriate, therefore, at this early stage to cut off any additional factual development and make the determination to dismiss Plaintiff Belvidere's claims. Likewise, it is well-settled that parties may plead alternative (even inconsistent) theories, which is exactly what Belvidere did in asserting its unjust enrichment claim. Consequently, dismissal of this claim is also premature and inappropriate.

## RELEVANT FACTUAL ALLEGATIONS

As the Court knows, it must accept all factual allegations as true and draw all reasonable inferences in the light most favorable to Plaintiffs.

Rosati's is an Illinois company and franchisor that "enters into certain contracts on behalf of eighty-four (84) locations of the following restaurant brands: (1) Rosati's Pizza, (2) Maciano's Pizza & Pastaria, (3) Vita Bella, and (4) Chicago Pizza Authority." *Id.* ¶ 10. Its "primary business operations are to provide management, accounting, advertising, licensing, negotiating, purchasing, contracting and other support responsibilities associated with the operation of franchised restaurants." *Id.* ¶ 6. Consistent with Rosati's primary business operations, and in connection with this matter, Rosati's "negotiated, agreed to, and signed" the Contract at issue with Defendant "on behalf of, and for the benefit of, its group members/franchisees" on or around December 14, 2021. *Id.* ¶¶ 5, 16. Rosati's itself does not order food. Its individual locations order the food using the prices negotiated by Rosati's. Defendant knows Belvidere and the other Rosati's locations actually place orders for Defendant's food products. Indeed, Plaintiffs and Defendant have conducted business using this arrangement for many years. Defendant may not now claim it never knew the purpose of the Contract.

Belvidere is one of these members/franchisees on whose behalf Rosati's contracted with Defendant. Belvidere is a "Rosati's Pizza store" and a franchisee that "operates a Rosati's Pizza location" in Belvidere, Illinois. *Id.* ¶¶ 7, 11. When Rosati's "negotiated, agreed to, and signed" the Contract with Defendant, one of the members/franchisees "obligated to perform under the terms of the Food Service Contract and bound to its terms and conditions" included Belvidere. *Id.* ¶¶ 5, 7, 16.

Additionally, Plaintiffs maintain that, because Rosati's "primary business operations are to provide management, accounting, advertising, licensing, negotiating, purchasing, contracting and other support responsibilities associated with the operation of franchised restaurants" for its member/franchisees, Belvidere, "like all other Rosati's members/franchisees" qualifies as an intended third-party beneficiary of the Contract. *Id*. ¶¶ 6, 8. Thus, Belvidere, "receives the benefits from the performance of the contract." *Id*. ¶ 8.

## LEGAL STANDARDS

A Rule 12(b)(6) motion to dismiss "tests the sufficiency of the complaint, not its merits." *F.E. Moran, Inc. v. Johnson Controls, Inc.*, 2023 WL 6519975, at *3 (N.D. Ill. Oct. 5, 2023). To survive a motion to dismiss, a plaintiff must allege facts that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Id.* (citing *Cochrain v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that the complaint needs to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). A court must accept "as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *O'Connor v. Ford Motor Co.*, 567 F. Supp. 3d 915, 935 (N.D. Ill. 2021) (citations omitted).

Importantly, a court assesses the plausibility of the plaintiff's allegations in the complaint as a whole. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). It is proper for the court to "consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citations omitted). The court may also "consider

additional facts set forth in" a brief opposing dismissal "so long as those facts are consistent with the pleadings." *O'Connor*, 567 F. Supp. 3d at 935 (citing *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (citation and internal quotation marks omitted)).

## ARGUMENT

A.  **Belvidere Alleged Facts Sufficient to Plausibly State a Claim for Breach of Contract as a Third-Party Beneficiary.**

Plaintiffs sufficiently alleged facts that Belvidere was an intended third-party beneficiary of the Contract. Under Illinois law, if the parties enter into a contract "for the direct benefit of a third person who is not a party to the contract, that person may sue on the contract as a third-party beneficiary." *Bayer Healthcare LLC v. Aeropres Corp.*, 2024 WL 1328793, at *7 (N.D. Ill. Mar. 28, 2024) (citing *City of Yorkville ex rel. Aurora Blacktop Inc. v. Am. S. Ins. Co.*, 654 F.3d 713, 716 (7th Cir. 2011)). The non-party must be a direct third-party beneficiary, and not merely incidental. *Am. United Logistics, Inc. v. Catellus Dev. Corp.*, 319 F.3d 921, 930 (7th Cir. 2003). Whether a third party qualifies as a direct beneficiary, however, depends on "the intent of the parties based on the contract as a whole," as well as the surrounding circumstances both at the time of the contract's execution and at the time performance is due. *See id.* at 931 (holding that the party sufficiently "stated a valid third-party beneficiary claim under Illinois law" when looking at the contract and the surrounding circumstances at the time of execution, such as the "alleged discussions" and negotiations); *see also Bayer*, 2024 WL 1328793, at *7 (noting that the contract need not specifically name the third-party beneficiary, so long as there is a defined class and the parties identify the plaintiff as a third-party beneficiary "at the time performance is due").

Defendant argues that Belvidere cites to no language in the Contract suggesting that it was an intended third-party beneficiary. That is incorrect. Plaintiffs allege that Rosati's

5

"primary business operations are to provide management, accounting, advertising, licensing, negotiating, purchasing, contracting and other support responsibilities associated with the operation of franchised restaurants." Dkt. 14, ¶ 6. Consistent with Rosati's primary business operations, and in connection with this matter, Rosati's "negotiated, agreed to, and signed" the Contract at issue with Defendant "on behalf of, and for the benefit of, its group members/franchisees" on or around December 14, 2021. *Id*. ¶¶ 5, 16. Plaintiffs further allege that Rosati's is a franchisor, and that Belvidere is a franchisee of the Rosati's Pizza stores. *Id*. ¶¶ 6–7, 11.[1] Rosati's entered into the Contract with Defendant, wherein Defendant would supply food to Rosati's stores at certain prices. Dkt. 14-1, Ex. A. Defendant knows well the negotiated prices were for the benefit and use of Rosati's eighty-four (84) locations. Here, Plaintiffs have pleaded sufficient facts to plausibly support Belvidere's status as an intended third-party beneficiary.

      Defendant argues that Plaintiffs' Complaint is conclusory. Plaintiffs' Complaint must only comply with Fed. R. Civ. P. 8, and give Defendant notice by a short and plain statement of the claim. Plaintiffs have done so, clearly and plausibly alleging that Rosati's contracted with Defendant with the intention of benefiting its franchisee stores and eighty-four (84) total locations, including Belvidere, when it signed the Contract. While Illinois law requires a showing that both parties intended to benefit a third-party, this material issue requires a developed factual record based on discovery. *F.E. Moran*, 2023 WL 6519975, at *6 (because

---

[1] Rosati's is a well-known franchise in the United States. In fact, the fourth tab on the Rosati's website provides information about its franchise model. Defendant is a major food supplier in the U.S. and had worked with Plaintiffs for a number of years. Consequently, it is implausible that Defendant was unaware that Rosati's as a franchise at the time it contracted with Plaintiffs in 2022. https://www.rosatispizza.com/

whether a non-party qualifies as an intended third-party beneficiary is "fact-intensive," the determination is "typically inappropriate at the motion-to-dismiss stage"). Defendant's arguments regarding intent are premature.

Moreover, Defendant, perhaps inadvertently, actually *acknowledges* that Belvidere is an intended third-party beneficiary in its own briefing. In questioning Belvidere's standing to bring the unjust enrichment claim, Defendant argues, "Rosati's is asserting a claim based on the Contract itself" and that "Plaintiffs' claims stand or fall with Rosati's rights under the Contract." Def.'s Br., Dkt. 20, at 6. Defendant concedes that Belvidere is either a party to the Contract itself or an intended third-party beneficiary. This alone precludes dismissal.

## B. Defendant's Motion Is Premature.

Whether or not a third-party beneficiary exists, however, is fact-intensive and must be resolved "after the parties have had the benefit of discovery." *Bayer*, 2024 WL 1328793, at *7; *see also Receivership Mgmt., Inc. v. A.J. Corso & Assocs., Inc.*, 2021 WL 1222897, at *17 (N.D. Ill. Mar. 31, 2021) ("Because a determination of third-party beneficiary status must be based upon a consideration of the contract and *all surrounding circumstances*, dismissal of [plaintiff's] third-party beneficiary claim at this early stage would be improvident.") (emphasis in original); *F.E. Moran*, 2023 WL 6519975, at *6 (because whether a non-party qualifies as an intended third-party beneficiary is "fact-intensive," the determination is "typically inappropriate at the motion-to-dismiss stage"). Here, additional facts like Defendant's knowledge of the purpose of the contract, the understood business practices of the parties, the history of business relations between Plaintiffs and Defendant, etc. will help determine the intent of the parties.

## C. Belvidere Sufficiently Alleged a Claim for Unjust Enrichment Against Defendant.

Defendant next asks the Court to dismiss Belvidere's unjust enrichment claim on the sole basis that it incorporated by reference other allegations in the Complaint, which included allegations pertaining to the existence of the Contract. Notably, Defendant does not contend that Belvidere's allegations were *insufficient* to give rise to an alternative unjust enrichment claim, but rather, that Belvidere incorporated *too many* allegations. Defendant's argument is baseless, and the Court should deny relief here as well.

While a party may not recover for both breach of contract and unjust enrichment, at "the pleading stage, a party may plead breach of contract and unjust enrichment claims in the alternative." *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 886 (7th Cir. 2022); *see also Vanguard Fin. Serv. Corp. v. RQ Prof'l Leasing Servs., Corp.*, 1998 WL 774984, at * *4 (N.D. Ill Oct. 27, 1998) (noting that, although the party could not recover under both theories, the party "is entitled to plead the alternative claims of breach of contract and unjust enrichment despite any inconsistency in those claims").

In *Womack v. Brady Mccasland*, the plaintiff asserted claims for breach of contract and unjust enrichment. 2016 WL 1117086, at *1 (Mar. 22, 2016). For the unjust enrichment claim, the plaintiff simply added that "if defendant were allowed to keep the benefit supplied to it by plaintiff's work, then defendant would be unjustly enriched to the severe detriment of the plaintiff." *Id.* The defendant moved to dismiss the unjust enrichment claim, arguing that the plaintiff could not make the claim when she alleged a "specific contract governing the relationship of the parties." *Id.* at 2. The court, however, denied the motion to dismiss, noting that parties may "plead in the alternative" and that the plaintiff "properly alleged the unjust enrichment claim as an alternative to her breach of contract claim." *Id.*

8

Here, Belvidere sufficiently pleaded unjust enrichment in the alternative. Belvidere provided, in bold, that its Quasi-Contract/Unjust Enrichment claim is an alternative cause of action to its breach of contract claim. Dkt. 14, Count II. Belvidere alleged Defendant "unjustly retained a benefit to the detriment of Plaintiff Belvidere and the Class in the form of the wrongful price increases described herein." *Id*. ¶ 49. These allegations are similar to the allegations in *Womack*, which the court held was sufficient for the plaintiff's alternative argument. The Court should do the same.

## CONCLUSION

Plaintiffs alleged sufficient facts to plausibly establish that Belvidere is an intended third-party beneficiary to the Contract. The resolution of this fact-intensive inquiry, however, will be bolstered by basic discovery. Likewise, Plaintiffs may assert alternative causes of action, and Belvidere made clear that its unjust enrichment claim was made in the alternative. Dismissal of this claim at the motion to dismiss stage is premature and inappropriate. Accordingly, the Court should deny Defendant's Motion to Dismiss.

Dated: May 13, 2024.

Respectfully submitted,

/s/ *Charles Barrett*
Charles Barrett
Daniella Bhadare-Valente
NEAL & HARWELL, PLC
1201 Demonbreun St.
Suite 1000
Nashville, TN 37203
(615) 244-1713
cbarrett@nealharwell.com
dbhadare-valente@nealharwell.com

Shannon M. McNulty
CLIFFORD LAW OFFICES
120 North LaSalle Street

      Chicago, IL 60602
      (312) 899-9090
      smm@cliffordlaw.com

      David McMullan
      BARRETT LAW GROUP, P.A.
      P.O. Box 927
      404 Court Square North
      Lexington, MS 39095
      (662) 834-2488
      dmcmullan@barrettlawgroup.com

      *Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I, Charles Barrett, hereby certify that a true and complete copy of the foregoing was serviced via the Court's ECF filing system on May 13, 2024 upon the following:

Scott T. Schutte
Ryan B. Bronstein
Monica C. Pedroza
Morgan, Lewis & Bockius LLP
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
(312) 324-1000
scott.schutte@morganlewis.com
ryan.bronstein@morganlewis.com
monica.pedroza@morganlewis.com

      /s/ *Charles Barrett*
      Charles Barrett