IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BELVIDERE PIZZA, INC., and HAMPSHIRE PIZZA, INC. a/k/a Rosati's Pizza-Hampshire Group, individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>MCCAIN FOODS USA, INC.,<br><br>Defendant. | Case No. 24-cv-00667<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated herein, Defendant's Motion to Dismiss [19] is granted.

**I.   Background**

The following factual allegations taken from the operative complaint [14] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Plaintiff Hampshire Pizza, Inc., a/k/a Rosati's Pizza-Hampshire Group ("Hampshire") is a franchisor that franchises 84 locations of the restaurant brands Rosati's Pizza, Maciano's Pizza & Pastaria, Vita Bella, and Chicago Pizza Authority across the U.S. [14] at ¶¶ 5, 10. Plaintiff Belvidere Pizza, Inc. ("Belvidere") is a franchisee of Hampshire and operates a Rosati's Pizza location in Belvidere, Illinois. *Id*. at ¶ 11. Defendant McCain Foods USA, Inc. ("McCain") is one of the nation's

1

leading suppliers of frozen potato and snack food products for the food service industry. *Id.* at ¶ 9.

Hampshire's primary business operations include providing management, accounting, advertising, licensing, negotiating, purchasing, contracting, and other support responsibilities associated with the operation of franchised restaurants. *Id.* at ¶ 6. Around December 14, 2021, Hampshire entered into a Food Service Contract (the "Contract") with McCain for the year 2022. *Id.* at ¶ 16. The Contract contained a provision that required McCain to provide Hampshire with 90 days written notice before adjusting the pricing on products. *Id.* at ¶ 18. Hampshire would then have 45 days to provide a written objection to the pricing adjustment. *Id.*

On or around April 26, 2022, McCain issued a notice to Hampshire that due to inflation and volatility in the market, McCain would be increasing prices. *Id.* at ¶¶ 22-23, 28. The notice stated that increased prices would take effect on May 2, 2022, which gave Hampshire six days' notice of the price increase. *Id.* at ¶ 24. The notice also stated that any orders placed on or after May 2, 2022 would be deemed an acceptance of the revised pricing. *Id.* at ¶ 26.

Hampshire and Belvidere bring this putative class action on behalf of themselves and all persons or entities who entered into food service contracts that contain a 90-day notice provision with McCain between August 31, 2019 and the present, and who paid increased prices without sufficient notice. *Id.* at ¶ 30. Hampshire and Belvidere allege that the Contract was "for the direct benefit of third parties, namely the members/franchisees of Rosati's" such as Belvidere. *Id.* at ¶ 42.

2

Hampshire and Belvidere allege that McCain breached the Contract, alleging direct breach and third-party beneficiary (Count I). *Id.* at ¶¶ 40-46. In the alternative, Belvidere alleges quasi-contract and unjust enrichment against McCain (Count II). *Id.* at ¶¶ 47-50.

McCain moves to dismiss all of Belvidere's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). [19].

**II.   Standard**

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to

3

be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

### III. Analysis

#### A. Third Party Beneficiary

McCain moves to dismiss Belvidere's breach of contract claim on the basis that Belvidere is not a party to the Food Service Contract and was not an intended third-party beneficiary of the contract. [20] at 3. Under Illinois law, there is a "strong presumption against conferring contractual benefits on noncontracting third parties." *Sosa v. Onfido, Inc.*, 8 F.4th 631, 639 (7th Cir. 2021) (quoting *Marque Medicos Farnsworth, LLC v. Liberty Mut. Ins. Co.*, 117 N.E.3d 1155, 1159 (Ill. App. 1st Dist. 2018)). For a noncontracting third party to overcome that strong presumption, "the implication that the contract applies to third parties must be so strong as to be practically an express declaration." *Id.* (quoting *155 Harbor Drive Condo. Ass'n v. Harbor Point Inc.*, 568 N.E.2d 365, 375 (Ill. App. 1st Dist. 1991)). It is not enough to show that the contracting parties knew, expected, or intended that others would benefit from the agreement. *Id.* (quoting *Marque*, 117 N.E.3d at 1159). Express

4

language of the contract "identifying the third-party beneficiary by name or by description of a class to which the third party belongs" must show that the contract was made for the "direct, not merely incidental, benefit" of the identified third party. *Id.* (quoting *Martis v. Grinnell Mut. Reinsurance Co.*, 905 N.E.2d 920, 924 (Ill. App. 3d Dist. 2009)).

Belvidere is not a party to the Contract, but Plaintiffs assert that Hampshire entered into the Contract with McCain "on behalf of, and for the direct benefit of, Rosati's members/franchisees, including Plaintiff Belvidere." [14] at ¶ 5. The Contract[1] identifies Hampshire as a party to the agreement with McCain, as well as six "authorized distributors" who are "authorized by 'Customer' to receive pricing information on the following product(s), and to place purchase orders for the products on behalf of the 'Customer.'" [14-1] at 2. Belvidere is not identified in the contract as an authorized distributor. *Id.* The Contract does not identify Belvidere, does not reference any individual franchisee store, and does not reference franchisee stores as a group. *See e.g., id.* The language of the Contract does not establish that the Contract was made for the direct benefit of Belvidere. Even if McCain and Hampshire "knew, expected, or intended" that Belvidere would benefit from the Contract, that is not enough to overcome the strong presumption against conferring contractual benefits

---

[1] The Court may consider the Contract at the motion to dismiss stage because Plaintiffs attached the Contract to their complaint. *See Williamson v. Curran*, 714 F.3d 432, 443 (7th Cir. 2013) ("[A] written instrument attached to a pleading becomes part of that pleading, so when the plaintiff has attached an instrument to her complaint, a court may consider the contents of that instrument in ruling on a motion to dismiss.").

5

on noncontracting third parties. *See Sosa*, 8 F.4th at 639; *see also Community Assn. Underwriters of Am., Inc. v. Constr. System Corp. of Illinois*, 638 F. Supp. 3d 872, 877–78 (N.D. Ill. 2022).

McCain's motion to dismiss Count I as to Belvidere is granted.

### B. Unjust Enrichment

Belvidere pleads in the alternative that there is an implied contract between Belvidere and McCain, and that McCain has unjustly benefited from the price increases to Belvidere's detriment. [14] at ¶¶ 47-50.

At the pleading stage, a party may plead breach of contract and unjust enrichment claims in the alternative. *Gociman v. Loyola U. of Chicago*, 41 F.4th 873, 886 (7th Cir. 2022) (citing Fed. R. Civ. P. 8(a)(3)). However, "a party may not incorporate by reference allegations of the existence of a contract between the parties in the unjust enrichment count." *Id.* at 887 (citing *Mashallah, Inc. v. W. Bend Mut. Ins. Co.*, 20 F.4th 311, 325 (7th Cir. 2021)). A party who makes this "pleading error prevents their unjust enrichment claim from going forward." *Id.*

Count II of the Complaint pleads "Quasi-Contract/Unjust Enrichment (In the Alternative)" but also states that "Plaintiffs repeat the allegations set forth above, as if fully set forth herein." [14] at ¶ 47. By incorporating the preceding allegations, Belvidere "include[d] the contract allegations in the breach-of-contract counts" in its unjust enrichment claim. *Hernandez v. Illinois Inst. of Tech.*, 63 F.4th 661, 672 (7th Cir. 2023). Therefore, Belvidere's unjust enrichment claim cannot go forward. *See Gociman*, 41 F.4th at 886.

6

McCain's motion to dismiss Count II is granted.

### IV. Conclusion

For the stated reasons, McCain's Motion to Dismiss [19] is granted. The Court dismisses Count I and II as to Belvidere. Belvidere is granted leave to file an amended unjust enrichment claim.

E N T E R:

Dated: January 27, 2025

MARY M. ROWLAND
United States District Judge