UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BELVIDERE PIZZA, INC. and <br><br> HAMPSHIRE PIZZA, INC. a/k/a Rosati's Pizza-Hampshire Group, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MCCAIN FOODS USA, INC., <br><br> Defendant. | Case No. 1:24-CV-00667 (MMR) <br><br> **SECOND AMENDED CLASS ACTION COMPLAINT** <br><br> Jury Trial Demanded |

Belvidere Pizza, Inc. ("Belvidere") and Hampshire Pizza, Inc. a/k/a Rosati's Pizza-Hampshire Group ("Rosati's") (Belvidere and Rosati's are referred to collectively as, "Plaintiffs"), individually and on behalf of all others similarly situated (the "Class," as defined below), bring this Second Amended Class Action Complaint against McCain Foods USA, Inc. ("Defendant").

**NATURE OF THE ACTION**

1. This action arises from Defendant's Food Service Contract with Rosati's, attached hereto as **Exhibit** A, and its unjust actions taken toward Belvidere. The Food Service Contract required Defendant to provide ninety (90) days' written notice for any price adjustments and allow Plaintiffs and the entities ordering product (i.e., the Class) forty-five (45) days to object to those price adjustments. On April 26, 2022, contrary to the plain language of the Food Service

Contract, Defendant increased warehouse pricing on only six (6) days'—and four (4) business days'—notice.

2. In the food service industry, price contracts are essential to ensure supplies remain at set prices, and adjustments are made under conditions known to all parties to the contract. A material term in these contracts is providing reasonable time to adjust operations or locate alternate vendors if suppliers increase prices. Changing food suppliers is a long and difficult process, jeopardizing business by interruption and injecting uncertainty. For that reason, the ninety (90) day notice period and forty-five (45) day objection period are essential for restaurant owners and operators, like Plaintiffs and the Class, to maintain operations, while searching for new suppliers in case of unacceptable price increases.

3. When Defendant provided six days' notice, Plaintiffs and other members of the Class were effectively forced to pay Defendant's improperly increased prices and damaged in the amount of the improperly inflated costs.

4. Defendant took advantage of the rigid nature of the food service industry, violated its Food Service Contracts with Plaintiffs and the Class, and unlawfully profited from its breach in that ninety (90) day window.

5. The Food Service Contract was negotiated, agreed to, and signed by Rosati's on behalf of, and for the benefit of, its group members/franchisees. These members/franchisees include eighty-four (84) separate Rosati's Pizza, Maciano's Pizza & Pastaria, Vita Bella, and Chicago Pizza Authority locations across the U.S. that are either members/franchisees or partially owned stores of Rosati's family, managers and/or executives. The member/franchisees are agents and partners of Plaintiff Rosati's.

6. Plaintiff Rosati's primary business operations are to provide management, accounting, advertising, licensing, negotiating, purchasing, contracting and other support responsibilities associated with the operation of franchised restaurants, including Plaintiff Belvidere. Plaintiff entered the contract with Defendant for the exclusive benefit of Belvidere, other Rosati franchisees and, as alleged, the Class of other similarly situated food service purchasers.

7. Plaintiff Belvidere is a Rosati's Pizza store located in Belvidere, Illinois. Plaintiff Belvidere is a member/franchisee and agent of Rosati's. Plaintiffs, and each of them, along with the members of the putative Class, are obligated to perform under the terms of the Food Service Contract and are bound to its terms and conditions. Plaintiffs and the Class receive the benefits from the performance of the contract.

8. Defendant is McCain Foods USA, Inc., one of the nation's leading suppliers of frozen potato and snack food products for the food service industry. In fact, Defendant proudly advertises that "one in four fries in the world is a McCain Foods fry."[1] Defendant's breach of its Food Service Contract with Rosati's and its unjust and inequitable actions toward Belvidere and the Class affected restaurants throughout Illinois and the United States.

**PARTIES, JURISDICTION, AND VENUE**

9. Plaintiff Hampshire Pizza, Inc. a/k/a Rosati's Pizza-Hampshire Group is an Illinois company that maintains its principal place of business in Crystal Lake, Illinois 60012 (McHenry County). This company enters into certain contracts on behalf of eighty-four (84) locations of the following restaurants brands: (1) Rosati's Pizza, (2) Maciano's Pizza & Pastaria, (3) Vita Bella, and (4) Chicago Pizza Authority.

---

[1] https://www.mccain.com/about-us/our-business-brands/

10. Plaintiff Belvidere Pizza, Inc. is a corporate citizen of Illinois. It is incorporated in Illinois and maintains its principal place of business in Belvidere, Illinois 61008 (Boone County). It is a franchisee of Rosati's and operates a Rosati's Pizza location.

11. Defendant is a corporate citizen of Illinois with its principal place of business at 1 Tower Lane, 11th Floor, Oakbrook Terrace, Illinois 60181 (DuPage County). Defendant is authorized to do business in Illinois and conducts substantial business in Illinois and across the United States.

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of state different from Defendant.

13. This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the laws and benefits of doing business in Illinois, and Plaintiffs' claims arise out of Defendant's forum-related activities. Furthermore, a substantial portion of the events giving rise to Plaintiffs' claims occurred in this District.

14. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.

## FACTUAL ALLEGATIONS

### A. The Food Service Contract

15. On or around December 14, 2021, Plaintiff Rosati's entered into a Food Service Contract with Defendant on behalf of, and for the direct benefit of, Rosati's members/franchisees, including Plaintiff Belvidere. This contract was effective from January 1, 2022 to December 31, 2022.

16. This contract contained the following ninety (90) day provision for pricing adjustments:

> **Pricing** Prices are FOB from Distribution Center and does not include freight or distributor mark up.
> McCain may adjust a Product price due to a change in FOB Source Point ("SP Price Adjustment") upon 90 days' written notice to Operator. Operator shall be deemed to accept the SP Price Adjustment unless McCain receives a written objection at least 45 days prior to the SP Price Adjustment effective date ("Objection"). An Objection to the SP Price Adjustment shall relieve McCain of any obligation to fill orders beyond the SP Price Adjustment effective date.

17. Specifically, the ninety (90) day provision required Defendant to give "90 days' written notice" before adjusting the pricing on the products. It provided for an objection period, allowing Plaintiffs and the Class to send a "written objection at least 45 days prior" to the price adjustment.

18. There is no provision in the Food Service Contract that allowed Defendant to provide less than the required ninety (90) days' written notice for pricing adjustments based on unusual market volatility or other extenuating circumstances.

19. Upon information and belief, Defendant used a materially identical form Food Service Contract with Plaintiffs and Class Members, all of which included the ninety (90) day notice provision.

20. This contract was intentionally written to directly benefit Plaintiffs and the members/franchisees, including Plaintiff Belvidere, as illustrated by the provision that Rosati's members/franchisees are described as "Customers."

**Authorized Distributors** The following distribution centers are authorized by "Customer" to receive pricing information on the following product(s), and to place purchase orders for the products on behalf of the "Customer."

| Distributor # | Distributor Name | City | State | Zip |
|---|---|---|---|---|
| 1000079569 | BELLISSIMO DISTRIBUTION LLC | BARTLETT | Illinois | 60103 |
| 1001066728 | BEN E KEITH COMPANY - HOUSTON | MISSOURI CITY | Texas | 77489 |
| 1000081938 | Lisanti Foodservice Of Tx | Irving | Texas | 75063 |
| 1000093963 | GRECO & SONS OF AZ | PHOENIX | Arizona | 85031 |
| 1001059999 | GRECO & SONS OF WI | OAK CREEK | Wisconsin | 53154 |
| 1000082259 | BEN E KEITH COMPANY - DFW | FORT WORTH | Texas | 76140 |

B.     **Defendant's Breach**

21.    On or around April 26, 2022, Defendant issued a notice to "McCain Foods USA Operator Customers," attached hereto as **Exhibit B** (hereafter, the "Notice"), regarding the "Elimination of Operator Guaranteed FOB Warehouse Pricing." The "Operator Customers" consist of Plaintiffs and the Class.

22.    This Notice informed Plaintiffs and the Class that "all operator guaranteed FOB warehouse pricing" would be "increased."

23.    This Notice stated that the pricing increase would take effect on May 2, 2022, giving Plaintiff and the Class six (6) days'—and four (4) business-days'—written notice.

24.    Defendant's six (6) days' written notice was in breach of the ninety (90) day notice provision in the Food Service Contract.

25.    This Notice further stated that "any operator placing an order on or after May 2, 2022 will be deemed to have accepted these revised pricing terms," allowing Plaintiffs and the Class only six (6) days—and four (4) business days—to object to the increased pricing.

26.    Defendant's six (6) day objection period was in breach of the forty-five (45) day objection period required by the Food Service Contract.

27.    In its Notice, Defendant attempted to justify its six (6) day notice by merely referencing "unprecedented changes," "inflation," and "volatility in the current market." The Food Service Contract, however, provided no terms permitting the waiver of the ninety (90) day notice period before increasing contracted prices.

28.    Per the terms of the Food Service Contract, Plaintiffs and the Class were deprived of sufficient notice of the pricing adjustments and sufficient time to object to the pricing adjustments. Because Plaintiffs and the Class needed to maintain operations, they were forced to pay the increased prices Defendant implemented. As a result, Plaintiffs and the Class suffered

monetary damages in the amount of the price increases for the eighty-four (84) day period in which they were entitled to notice and protection.

## CLASS ACTION ALLEGATIONS

29. Plaintiffs bring this action individually and on behalf of all others similarly situated as a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3), seeking damages, as well as equitable and injunctive relief, on behalf of the following Class:

> All persons and/or entities that either entered into a food service contract with Defendant either directly or through a third party containing a ninety (90) day notice provision between August 31, 2019 and the present, and which paid increased prices due to the breach of the ninety (90) day notice provision by Defendant. Alternatively, all persons and/or entities which paid increased prices due to the breach of the ninety (90) day notice provision by Defendant.

30. The following persons and entities are excluded from the above-described proposed Class: (i) Defendant and its counsel, officers, directors, management, employees, subsidiaries, or affiliates; (ii) all governmental entities; all Counsel of Record; and (iv) the Court, Court personnel, and any member of their immediate families.

31. The Class is so numerous as to make joinder impracticable. Plaintiffs do not know the exact number of Class members because such information is presently in the exclusive control of Defendant. Plaintiffs believe that, due to the size of Defendant's business, there are likely hundreds or thousands of Class members in the United States and its territories.

32. Common questions of law and fact exist as to all members of the Class. Plaintiffs and the Class were injured by the same unlawful breach of contract; Defendant's conduct was generally applicable to all the members of the Class, and relief to the Class as a whole is appropriate. Common issues of fact and law include, but are not limited to, the following:

      i.      Whether Defendant's contract with Class members was identical with respect to the provision of the ninety (90) day notice for increased prices;

      ii.      Whether Defendant breached the contract with Class members by increasing prices without providing ninety (90) days' notice of the pricing adjustment;

      iii.      Whether Defendant was unjustly enriched at the expense of Belvidere and the Class; and

      iv.      The amount of damages sustained by the Class or the amount of benefit sustained by Defendant.

33. Plaintiffs' claims are typical of the claims of Class members, and Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs and all members of the Class are similarly affected by Defendant's unlawful conduct and its breach of contract.

34. Plaintiffs' claims arise out of the same common course of conduct giving rise to the claims of the other members of the Class. Plaintiffs' interests are coincident with and typical of, and not antagonistic to, those of the other members of the Class.

35. Plaintiffs have retained counsel with substantial experience litigating class actions in a myriad of industries and courts throughout the nation.

36. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including issues relating to liability and damages.

37. Class action treatment is a superior method for the fair and efficient adjudication of the controversy, in that, among other things, such treatment will permit a large number of similarly situated persons and/or entities to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of evidence, effort and expense that numerous individual actions would engender. The benefits of proceeding through the class mechanism, including providing injured persons or entities with a method for obtaining

redress for claims that it might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in management of this class action. Moreover, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendant.

38. Plaintiffs know of no difficulty likely to be encountered in the maintenance of this action as a class action under Federal Rule of Civil Procedure 23.

## CLAIMS FOR RELIEF

## COUNT I

### Breach of Contract

### (On Behalf of Rosati's and the Class)

39. [2]Rosati's repeats the allegations set forth above, as if fully set forth herein.

40. Rosati's brings this claim for breach of contract.

41. Beginning at a time currently unknown to Plaintiff Rosati's, but at least as early as August 31, 2019 (further investigation and discovery may reveal an earlier date), and continuing through the present, Defendant entered into identical or substantially similar Food Service Contracts with Plaintiff Rosati's and the Class. These contracts contained a ninety (90) day notice provision for any pricing adjustments. These contracts also permitted Plaintiff Rosati's and the Class a forty-five (45) day objection period.

42. The Food Service Contract was intentionally written for the direct benefit of third parties, namely the members/franchisees of Rosati's. On information and belief, Plaintiffs allege that Defendant uses and used the same form contract with other Class members.

---

[2] Plaintiffs amend the complaint pursuant to the Court's Order [Dkt. No. 43] but include the original language with strikethrough for the purpose of notice to the Defendant in relation to preserving all rights on appeal.

43. Defendant breached this contract. On or around April 26, 2022, when the Food Service Contracts were in effect, Defendant sent a Notice to Plaintiffs (Belvidere received notice through Rosati's) and the Class regarding pricing increases. These increases were, according to the Notice, scheduled to take effect on May 2, 2022, providing Plaintiffs and the Class six (6) days'—and four (4) business days'—written notice, in violation of the ninety (90) day notice provision. The Notice also restricted Plaintiffs' and the Class's ability to object, by requiring Plaintiffs and the Class to object by May 2, 2022. This six (6) day—and four (4) business day—objection period violated the forty-five (45) day objection period required by the Food Service Contract.

44. Because of the nature of the food service industry, changing food supply companies is a long and difficult process, jeopardizing businesses by interruption and injecting uncertainty. Plaintiffs and the Class did not have the time to object to Defendant's Notice and find a new supplier in the six (6) day window Defendant provided. Plaintiffs and the Class own restaurants, and without the food supplied by Defendant, could not maintain normal operations.

45. As a proximate cause of Defendant's breach and the necessity of Plaintiffs and the Class to receive a food supply shipment while searching for new suppliers, Plaintiffs and the Class were forced to accept the price increases and were thereby damaged.

46. As a result of Defendant's breach of its contractual obligations, Plaintiff Rosati's and the Class have been injured by overpaying Defendant from April 6, 2022, to July 5, 2022—the ninety (90) day period from the date of the Notice.

## COUNT II

**Unjust Enrichment**

**(On Behalf of Plaintiffs and the Class)**

47. Rosati's alleges breach of contract. In the alternative, even if there is no enforceable contractual obligation on the part of Defendant to pay money damages to Rosati's, Rosati's is entitled to recover money from Defendant under the equitable doctrine of unjust enrichment.

48. Belvidere brings this claim for unjust enrichment.

49. As stated above, Plaintiff Rosati's entered into a Food Service Contract with Defendant effective from January 1, 2022 to December 31, 2022. This contract contained the ninety (90) day provision for pricing adjustments requiring Defendant to give "90 days' written notice" before adjusting the pricing on the products. It provided for an objection period, allowing Plaintiffs and the Class to send a "written objection at least 45 days prior" to the price adjustment.

50. On or around April 26, 2022, Defendant issued a notice to Plaintiffs entitled "McCain Foods USA Operator Customers" (Exhibit B), informing Plaintiffs and the Class that "all operator guaranteed FOB warehouse pricing" would be "increased" effective May 2, 2022, giving Plaintiff and the Class only six (6) days'—and four (4) business-days'—written notice.

51. Defendant's six (6) day objection period was unjust and unfair. It did not allow Plaintiffs and the Class sufficient time to find alternative sources to make purchases.

52. Plaintiffs and the Class were deprived of sufficient notice of the pricing adjustments and sufficient time to object to the pricing adjustments. Because Plaintiffs and the Class needed to maintain operations, they were forced to pay the increased prices Defendant implemented. As a result, Plaintiffs and the Class suffered monetary damages in the amount of the price increases for the eighty-four (84) day period in which they were entitled to notice and protection.

53. Defendant was unjust enriched at the expense of Plaintiffs and the Class.

54. Defendant has unjustly retained a benefit to the detriment of Plaintiff Belvidere and the Class in the form of the wrongful price increases described herein. Defendant's retention of this benefit violates the fundamental principles of justice, equity, and good conscience.

55. As a result of Defendant's conduct, Plaintiff Belvidere and the Class were damaged.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Class of all others so similarly situated, respectfully request that:

A. The Court determine that this action may be maintained as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, appoint Plaintiffs as Class Representatives and the counsel of record as Class Counsel, and direct that notice of this action, as provided by Rule 23(c)(2) of the Federal Rules of Civil Procedure, be given to the Class, once certified;

B. The Court adjudge and decree that the acts of Defendant constitute an unlawful breach of contract, directly and as a third-party beneficiary, and/or unjust enrichment;

C. The Court award Plaintiffs and the Class damages, including actual, nominal, disgorgement, consequential and punitive damages, as allowed by law or in equity in an amount to be determined, as well as pre- and post-judgment interest on all amounts awarded, at the highest legal rate from and after the date of service of this complaint to the extent allowed by law;

D. That the Court enjoin Defendant, ordering it to cease and desist from similar unlawful activities;

E. The Court award attorney's fees, costs, and litigation expenses, as allowed by law; and

F. The Court award Plaintiffs and members of the Class such other and further relief as the case may require and the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiffs, individually and on behalf of the Class, hereby demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, for all issues so triable.

Dated: February 14, 2025.

Respectfully submitted,

/s/ *Shannon McNulty*
Shannon M. McNulty
CLIFFORD LAW OFFICES
120 North LaSalle Street
Chicago, IL 60602
(312) 899-9090
smm@cliffordlaw.com

Daniella Bhadare-Valente
NEAL & HARWELL, PLC
1201 Demonbreun St.
Suite 1000
Nashville, TN 37203
(615) 244-1713
dbhadare-valente@nealharwell.com

David McMullan
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
(662) 834-2488
dmcmullan@barrettlawgroup.com

Charles Barrett
CUNEO, GILBERT & LADUCA, LLP
4235 Hillsboro Pike
Suite 300

Nashville, TN 37215
(615) 293-7375
cbarrett@cuneolaw.com

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I, Shannon McNulty, hereby certify that a true and complete copy of the foregoing was serviced via the Court's ECF filing system on February 14, 2025 upon the following:

Scott T. Schutte
Ryan B. Bronstein
Monica C. Pedroza
Morgan, Lewis & Bockius LLP
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
(312) 324-1000
scott.schutte@morganlewis.com
ryan.bronstein@morganlewis.com
monica.pedroza@morganlewis.com

                                                               /s/ *Shannon McNulty*
                                                               Shannon M. McNulty